FILED
UNITED STATES DISTRICT COURT

JUL - 1 2003

Robert M. March
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel* )
ANTONIO GUTIERREZ, and in )
His personal capacity )
)
      Plaintiff, )
) Case No. CIV 03 - 774 KH/WDS
vs. )
)
STATE GOVERNMENT OF THE )
STATE OF NEW MEXICO; the NEW )
MEXICO DEPARTMENT OF TAXATION )
and REVENUE; the NEW MEXICO ) CIVIL RIGHTS COMPLAINT
MOTOR VEHICLE DIVISION; the NEW )
MEXICO LEGISLATIVE DEPARTMENT; )
the NEW MEXICO JUDICIAL )
DEPARTMENT; )
)
      Defendants. )

COMES NOW Relator Antonio Gutierrez claiming the defendants have intentionally denied the powers of the Constitution of the United States of America and the Constitution of the State of New Mexico with sufficient force and effect by force of unlawful statutory effect depriving the Right of Liberty to the People of New Mexico and denying them the life, liberty, and pursuit of happiness secured for them by the Constitution of the United States of America and the Constitution of the State of New Mexico. Relator Gutierrez claims in the name of the People of New Mexico relief sufficient to return life, liberty and the pursuit of happiness to them forthwith and without delay on an emergency basis.

**I.    JURISDICTION**

(1) The court has sufficient authority pursuant to 28 U.S.C. § 1331(a) to hear and determine this constitutional cause under provisions of sections 2, Article III, the National

1

Constitution and 28 U.S.C. § 2403 which calls into question the closed fiduciary relationship secured for said People by an Act of the Congress, the New Mexico Constitution. All matters material to the complaint occurred within the boundaries of the State and District of New Mexico.

## II. PARTIES

A. Antonio Gutierrez is a Citizen of the State of New Mexico and the United States of America with residence in Santa Fe County, New Mexico. He appears in the Court as Relator pursuant to section 44-3-44, NMSA and 28 U.S.C. § 2403(a) and personally under authority of 28 U.S.C. § 1654.

B. The State Government of New Mexico, "Government", appears as a defendant because: (1) no private Citizen is a member of government except when they become employees; (2) a question has arisen that Defendant Government no longer exists to serve the public's interests and principally serves its own interests; (3) the effect of one and two above has become an open rebellion of public officers against the People of New Mexico for whom the Defendant Government claims deceptively: (a) to protect the People's treasury, (b) to act for them under the law by interpreting the law, or (c) to secure the Rights to life, liberty, and the pursuit of happiness.

C. The New Mexico Department of Taxation and Revenue, "Department", appears as a defendant because: (1) it exercises police powers without its officers and employees being bonded pursuant to section 3-10-2 NMSA; (2) it has wrested ownership of all real property properly owned by several of the People of New Mexico and simply allows them to be the warranted owners so long as they agree to involuntary conditions under which it operates; (3)

it has wrested ownership of certain personal properties such as automobiles properly owned by several of the People of New Mexico and simply grants them a certificate of ownership so long as they comply with involuntary conditions under which it operates; (4) it claims it does the foregoing for the health, safety, and welfare of the said People when it possesses no constitutional power or lawful authority to do so; (5) it deceptively and effectively punishes an easily ascertainable segment of the People of New Mexico under color of law by prohibited bills of pains and penalties without benefit of a court of law adjudication; (6) it may exercise its power or authority on an ex post facto basis on its own initiative.

D. The New Mexico Motor Vehicle Division, "Division", of the Defendant Department appears as defendant because: (1) it exercises police powers without being bonded pursuant Section 3-10-2 NMSA; (2) it deceptively and effectively punishes an easily ascertainable segment of the People of New Mexico under color of law by prohibited bills of pains and penalties without benefit of court of law adjudication; (3) it maintains an insurance data base without having insurance responsibilities for blacklisting and inflicting bills of pains and penalties on a segment of the People of New Mexico; (4) it regularly exercises ownership controls over personal properties properly belonging to the private Citizen and uses the practice to punish an easily ascertainable segment of the People of New Mexico.

D. The New Mexico Legislative Department, "Legislature", appears as a defendant because: (1) it enacts laws or delegates legislative powers to judicial bodies or political bodies in direct conflict with Sections 18, 19, and 23, Article II and Sections 24, 25, 26, 36, and 38, Article IV, Constitution of New Mexico; (2) it enacts laws granting creatures of its own making police powers capable of inflicting punishment under law without judicial

3

consideration on easily ascertainable segments of the People of New Mexico without benefit of a court hearing or order; (3) it regularly engages in actions prohibited by the Constitution of the United States of America.

F. The New Mexico Judicial Department, "Judiciary", appears as a defendant because: (1) it usurps political powers harming the People of New Mexico; (2) it creates, publishes, promulgates, and enforces court rules for the benefit of persons it authorizes to practice law in defiance of state statutes and constitutional provisions; (3) it is responsible for the organized effort to defy state and federal statutes with sufficient force and effect so as to deny the power of the Constitution of the United States of America.

## III.   MATERIAL FACTS, POINTS OF LAW, AND AUTHORITIES

1. Eleventh Amendment Immunity is not available to the any Defendants as they are not the State of New Mexico: the People of New Mexico are the State of New Mexico.

2. Two fiduciary relationships exist between the People of New Mexico and both a government office and an office holder. The open-ended fiduciary relationship of the office holder is self executing, it is based upon the needs of the People within the confines of office responsibilities as they arise. The closed fiduciary relationship requires some legislative act to give it effect, and it is bounded by the applicable statute assigning duties to the office holder. The open-ended fiduciary, as the parent fiduciary, embraces the closed fiduciary; both of which, when either one is defective, become actionable for its curative effect.

3. Several independent type trust relationships exist between the People of New Mexico on the one hand and the Defendant Government. A closed fiduciary relationship between the People and the Defendant Government -- bounded by the Constitution of New Mexico. A closed fiduciary relationship exists between the Defendant Government and the

public office created by the Constitution which is bounded by the duties of office imposed on the office holder. An open-ended fiduciary relationship exists between the principal offices of government and the People which is activated based upon the needs of the People as they arise. However, there exists a closed fiduciary relationship between the People and the office **holder** which is bounded by the duties enacted into law by Defendant Legislature.

4. Both the open-ended fiduciary and the closed fiduciary relationships in the State of New Mexico have become repugnant to the Constitution of New Mexico and the Constitution and the laws of the United States of America; the relationships do not now and have not served the interests of the People since territorial days. The displayed interests of Defendant Government are and have been served since statehood at the expense of the People and the Defendant Judiciary readily holds the People of New Mexico to that asymmetry; a system best described in the *U.S. Peonage Cases,* N. D. Ala. (1903), 123 F. 673, 674-675, to wit:

> The evil of the "conditions of peonage" not only degraded those
> who were subjected to the system, but exercised a baleful influence
> upon all other classes, which in innumerable ways fought against the
> industrial prosperity and moral advancement of the people among
> whom the "system" was imposed.

5. Defendant Legislature enacts laws punishing judicially an easily identifiable segment of the New Mexico population; Defendant Department, under color of prohibited law, executes the punishment with impunity; and Defendant Judiciary, on occasion, will uphold, ex post facto, the punishment metered out by other Defendants at prior times.

6. The Defendant New Mexico Government's consummate acts are repugnant to the Constitution of New Mexico and the Constitution of the United States of America: its actions embrace the open-ended fiduciary trust defects between its principal departments and the

People of New Mexico, and its actions embrace the closed fiduciary breaches between the People of New Mexico and the principal office holders of the Defendants Judiciary, Legislature and Department.

7. Relator Gutierrez represents the People of New Mexico who are the State of New Mexico, not the Defendants.

## IV.   CAUSES OF ACTION

**First Cause of Action:** Defendant Government acts repugnant to the Constitution of the United States of America and the Constitution of the State of New Mexico. Government is instituted among Men to serve their interests in Life, Liberty, and the Pursuit of Happiness; and when Defendant Government became destructive of these ends, it is the Right of the People to seek redress. ¶ 2, *A Declaration by the Representatives of the United States of America in General Congress assembled,* (1776). Immunity claims under the Eleventh Amendment have no standing because acts repugnant to the Constitutions are null, void, and without legal effect at their inception. *Marbury v. Madison,* 5 U.S. (1 Cranch) 137.

**Second Cause of Action:** Defendants usurp powers and authorities not possessed. Defendants regularly impair the obligations of contract between the People. Defendant Government regularly punishes an easily recognizable segment of the population of New Mexico although prohibited by both National Constitution and New Mexico Constitution. Defendant Judiciary will exercise its judicial powers to enforce bills of attainder, (bills of pains and penalties). *Cummings v. Missouri,* 71 U.S. 277 (1867).

**Third Cause of Action:** Defendants repudiate fiduciary relationship recklessly and with abandon. The People of New Mexico created the Constitution which controls the organization and responsibilities of Defendant Government. When the Defendant Government

was formed by an Act of Congress, a fiduciary relationship was instituted between the People of New Mexico and Defendant Government, a relationship secured with the oath given by its public officers pursuant to Section 1, Article XX of the New Mexico Constitution in exchange for their collective trust upon entering their respective office. Defendants Department and Division regularly punish unconstitutionally a segment of the People of New Mexico exercising prohibited laws enacted by the Defendant Legislature and enforced by decisions of the Defendant Judiciary. These anomalies have a devastating effect on the trust relationships harming a majority of the People of New Mexico.

**Fourth Cause of Action:** Defendant Government serves its own interests at the expense of the People of New Mexico and the other Defendants actively hold the People to the anomaly. When one party to a contract alters that contract for its sole benefit at the expense of the other party, the People of New Mexico, and the disadvantaged party is held to that asymmetry, conditions of involuntary servitude become the ***modus operandi***. **U.S. Peonage Cases,** N.D. Ala. 123 F. 671, 674, Section 3b of said Peonage Cases establishes the elements of the conditions of involuntary servitude as the existence of a debt, real or pretended, and the existence or contemplation of a "condition of peonage" are essential elements. The "conditions of peonage" is synonymous with "conditions of involuntary servitude" prohibited by the Thirteenth Amendment justifying 42 U.S.C. §1994 in Year 1930 to terminate the system active generally wherever there was Spanish influence and particularly directed at the State of New Mexico. Although § 1994 ended peonism in New Mexico, no change took place in the New Mexico Constitution which permitted those conditions of peonage or involuntary servitude.

This Complaint establishes unquestionably that the evil of the operative "conditions of involuntary servitude" not only degraded those who were subjected to the system, but exercised a baleful influence upon all classes, which in innumerable ways fought against the industrial prosperity and moral advancement of the People among whom the "system" was imposed.

The net effect is that the People of New Mexico relentlessly suffer the highest poverty rate in the Nation which is double the national rate; their teenagers have the highest suicide rate in the Nation; most of the money earned by New Mexicans in wages and salaries is spent in retail stores financed by out of state investors and leaves the State as though they were "economic black holes"; twelve percent of the statewide electorate cannot participate in choosing who, among the candidates for public office, shall appear on the final ballot in general elections in a concept of active gerrymandering, a system for the advantage of those in power at the expense of those not, which holds the disadvantaged to that asymmetry involuntarily without recourse; the judicial system imposed involuntarily on the People of New Mexico openly and deliberately defies state and federal anti-trust laws with significant force and effect so as to deny the power of both the Constitution of the United States of America and the Constitution of New Mexico; and the natural gas taken from within the State of New Mexico is transported to the Northeast United States and sold to customers there for a lessor price than it is sold to New Mexicans, which harnesses the interests of New Mexicans at their expense for commercial interests. The sad fact is that those holding federal judicial office with an open-ended fiduciary relationship with the American People had to be a part of and participate in the judicial system imposed on the People of New Mexico in order to qualify for their judicial positions in the federal government.

## V. RELIEF DEMANDED

The People of New Mexico demand a restraining order be placed against the Defendants so that an immediate hearing can be had on the their current practices of:

(1) punishing New Mexicans legislatively under color of prohibited law without benefit of a judicial proceeding which can revoke a driver license, impair an insurance contract thereby, and then revoke an unlawful registration of a Citizen's private automobile under color of the defendants owning the automobile;

(2) imposing involuntarily and politically what is called a judicial system which defies state and federal anti-trust laws with significant force and effect so as to deny the power of both Constitutions; and

(3) holding the People of New Mexico as chattel property owned by the Defendant Government without the opportunity as free Citizens to choose between viable alternatives.

Relator Gutierrez demands the conditions of involuntary servitude now actively practiced and imposed on free New Mexicans be discontinued immediately by court order.

Respectfully submitted,

Antonio Gutierrez, Petitioner
P.O. Box 9048
Santa Fe, New Mexico 87504
Ph: 455-7567, Fax: 455-9037

9