# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel*
ANTONIO GUTIERREZ, and in
His personal capacity

        Plaintiff,

v.                                                             Civ. No. 03-774  JP/WDS

STATE GOVERNMENT OF THE
STATE OF NEW MEXICO; the NEW
MEXICO DEPARTMENT OF TAXATION
and REVENUE; the NEW MEXICO
MOTOR VEHICLE DIVISION; the NEW
MEXICO LEGISLATIVE DEPARTMENT;
the NEW MEXICO JUDICIAL DEPARTMENT;

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On July 13, 2003 Defendants filed a Motion to Dismiss on the Ground of Eleventh Amendment Immunity (Doc. No. 8) asserting the state's immunity from suit in federal court. Having reviewed the factual allegations of Plaintiff's Civil Rights Complaint and the relevant law, the Court concludes that Defendants' Motion should be granted.

*LEGAL STANDARD*

The Eleventh Amendment to the United States Constitution states that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the language of the Eleventh Amendment speaks to suits brought by citizens of states other than the one being sued, it has been construed to bar suits

brought by a citizen of the state named in the action. *Hans v. Louisiana*, 134 U.S. 1 (1890). Thus, the Eleventh Amendment protects a state's sovereignty by immunizing the state from any suit brought by a private individual in federal court. Nevertheless, an individual can overcome a state's immunity from suit in federal court if (1) Congress expressly abrogates the state's immunity, (2) a state waives its sovereign immunity, or (3) a plaintiff sues a state officer for prospective injunctive or declaratory relief. *Robinson v. Kansas*, 295 F.3d 1183, 1188 (10th Cir. 2002).

*ANALYSIS*

Although the allegations of Plaintiff's Civil Rights Complaint are extremely vague, it appears that Plaintiff claims, *inter alia*, that the state government in New Mexico has usurped governmental authority away from the people of New Mexico. Accordingly, Plaintiff contends that "Eleventh Amendment Immunity is not available to the any Defendants [sic] as they are not the State of New Mexico: the People of New Mexico are the State of New Mexico." Plaintiff's Civil Rights Complaint at 4. Plaintiff's claims are frivolous. *Junior Chamber of Commerce of Rochester Inc. v United States Jaycees*, 495 F.2d 883, 886 (10th Cir. 1974).

In the face of Defendants' assertion of sovereign immunity Plaintiff has not argued that any of the exceptions to New Mexico's Eleventh Amendment immunity applies. Given the factual allegations asserted by Plaintiff, the Court is not aware of any federal statutory or constitutional provisions that would abrogate New Mexico's immunity from suit in federal court. Nor has New Mexico waived its immunity from suit in federal court. NMSA 1978, § 41-4-4 (F) (2001) (observing that the state's limited waiver of sovereign immunity in the Tort Claims Act is not to be construed as "a waiver of the state's immunity from suit in federal court under the eleventh

amendment to the United States constitution"). Finally, the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), cannot apply here since Plaintiff has not sued any state official, but rather each branch of New Mexico's government. Hence the Eleventh Amendment bars Plaintiff's suit from proceeding in federal district court.

    IT IS THEREFORE ORDERED that:

(1)    Defendants' Motion to Dismiss on the Ground of Eleventh Amendment Immunity (Doc. No. 8) is GRANTED;

(2)    All other pending motions are denied as moot; and

(3)    This case is DISMISSED.

_____
CHIEF UNITED STATES DISTRICT JUDGE