UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel*
ANTONIO GUTIERREZ, and in
His personal capacity
      Plaintiff,

vs.

Case No. CIV-03-774 JP/WDS

STATE GOVERNMENT OF THE
STATE OF NEW MEXICO; the NEW
MEXICO DEPARTMENT OF TAXATION
and REVENUE; the NEW MEXICO
MOTOR VEHICLE DIVISION; the NEW
MEXICO LEGISLATIVE DEPARTMENT;
the NEW MEXICO JUDICIAL
DEPARTMENT;
      Defendants.

## MEMORANDUM BRIEF IN SUPPORT OF MOTION TO INTERVENE

### I. GENERAL BACKGROUND

A. The courts in New Mexico belong to the People of New Mexico, but control of them has been wrested from said People by Defendant State Government of New Mexico which usurps state constitutional powers to do so. In addition, the said People have no voice whatsoever in their state courts supported by the records proper of all state court cases of general jurisdiction involving private Citizens appearing in themselves but opposed by persons practicing law operating under said usurped powers. Furthermore, the Court is fully and clearly aware of that constitutional anomaly in a case titled and numbered ***Kupcak v. New Mexico,*** CIV 02-1388, DNM. The fact that applicable judicial officers continue to benefit from accepted federal appointments while deceptively in federal public office gives effect to the fraud put upon the United States Government. To prove the foregoing, let the facts be

1

submitted to the candid American general public.

## II. MATERIAL FACTS, POINTS OF LAW AND AUTHORITIES

1. Persons assigned duties as public officers within the State of New Mexico defrauded and are defrauding the United States and the State of New Mexico pursuant to 18 U.S.C. § 371:

   A. Persons residing in and authorized unlawfully to practice law within the State of New Mexico join with assigned supreme court judicial officers in a conspiracy to defy state and federal antitrust laws intentionally by tying and exclusionary agreements with sufficient force and effect so as to repudiate Sections 25, 26 and 38 of the Constitution of the State of New Mexico and Section 8, Article I, Constitution of the United States of America with respect to the Commerce Clause as herein indicated:

   (1) Sec. 25, Art. IV, Const. N.M.: No law shall be enacted legalizing the unauthorized or invalid act of any officer, remitting any fine, penalty or judgment against any officer or validating any illegal use of public funds.

   (2) Sec. 26, Art. IV, Const. N.M.: The legislature shall not grant to any corporation or person, any rights, franchises, privileges, immunities or exemptions, which shall not, upon the same terms and under like conditions, inure equally to all persons or corporations; No exclusive right, franchise, privilege or immunity shall be granted by the legislature or any municipality in this state.

   (3) Sec. 38, Art. IV, Const. N.M.: The legislature shall enact laws to prevent trusts, monopolies and combinations in restraint of trade.

   (4) Sec. 8, Art. 1, Const. U.S.: [T]o regulate Commerce with foreign Nations, and among the several states and with the Indian Tribes.

   B. Persons assigned duties as elected or appointed judicial officers statewide in all courts of general jurisdiction maintaining records of a permanent nature have defrauded the People of New Mexico upon entering the state office held:

   (1) NMSA § 36-2-10 prescribes, in part, the duties of an attorney-at-law:

   It is the duty of an attorney-at-law: A. to support the Constitution and

the laws of the United States and of this state:

(2) NMRA 15-304 contains the oath, in part, required of persons who, upon giving the oath, are authorized to practice law; and after a specific period of time of such practice, they become eligible to hold positions as public judicial officers:

I, _____, do solemnly swear or affirm: I will support the Constitution of the United States and the Constitution of the State of New Mexico:

C. The duties of an attorney established by the New Mexico Legislature - the representatives of the People of New Mexico - and the oath given by an attorney to a New Mexico Supreme Court chief justice – not the representatives of the said People's political matters – differs significantly, and the conflict between them constitutes separate and distinct definitions for the word "attorney".

D. NMRA 15-304 was established by usurped authority in defiance of both Constitutions as listed in paragraph one above. Said § 36-2-10 requires the legislated type attorney to support the Constitutions and laws of both the United States and the State of New Mexico, while Rule 15-304 only addresses the Constitutions. Movant justly questions whether the court type attorney, as licensed, is required to obey State or Federal statutes.

E. NMSA § 36-2-10 was duly enacted by the People's representatives; However, NMRA 15-304 was established by usurped authority in defiance of both Constitutions as itemized above in paragraph one. Said § 36-2-10 requires one type attorney to support the Constitutions and laws of the United States and the State of New Mexico, while Rule 15-304 only addresses the Constitutions, not their laws.

2. Movant, on best belief, declares the difference between the statutory duties for legislated type attorney and the attorney created by the oath given to some chief justice in order to be

licensed is deliberate and he believes it permits the not so obvious repudiations of the Constitutions of the State and Nation; the subsequent activities of the court type attorney give effect to a conspiracy to defraud the People of New Mexico; and the subsequent referendum vote during a general election on a state constitutional amendment which eliminated the term "learned in the law" and which substituted the term of "licensed attorney" was drafted by agents of the state supreme court serving as New Mexico Legislators giving effect to a seditious conspiracy against both Constitutions and simultaneously deprived all state private Citizens the natural right to choose a vocation otherwise available for them to earn a living of their own choice in their own courts as advocates for other private Citizens in preference to those chosen by the said conspiracy of tying and exclusionary agreements for licensing purposes.

    A. No state judge, justice, or licensed attorney lawfully exists under the Constitutions and laws of the State of New Mexico and the United States of America, the New Mexico State Constitution ultimately being an act of Congress.

    B. Those licensed attorneys who formerly operated within the State of New Mexico, who engaged in the seditious conspiracy against both Constitutions, and who have now accepted appointments as state judicial officers did so by defrauding the State of New Mexico at the precise moment they accepted the federal appointment.

3. Movant therefore challenges state court's competency and all its adjudications as currently constituted, to decide civil and criminal matters before it on the foregoing grounds:

    A. Each person formally permitted to practice law within the State of New Mexico and now assigned duties within state courts have defrauded the United States and State of New Mexico as addressed in 18 U.S.C. § 371 upon accepting their appointment.

4

B. They have now engaged continuously and intentionally in a seditious conspiracy against both Constitutions as addressed in 18 U.S.C. § 2384 and Sections 3 and 4, Fourteenth Amendment to the Nation's Constitution;

C. because they deceived the People of New Mexico as a prior condition necessary to qualify for state judicial appointments.

D. They are now deceiving the American People in the process.

## III.  ISSUE

Are state judicial officers defrauding both the United States and the State of New Mexico as addressed in 18 U.S.C. § 371?

## IV.  ARGUMENT

A. Prior to being considered and later appointed to state public office, all state judicial officers residing at relevant times within the State of New Mexico were licensed to practice law within the State of New Mexico. The process of authorizing the practice of law was usurped by the Supreme Court of New Mexico which engaged in national exclusionary and tying agreements contrary to the federal and state antitrust laws with the American Bar Association, a foreign organization not under the authority or control of the People of New Mexico. The said exclusionary and tying agreements became a barrier to protect those benefiting from the state and federal antitrust laws with imposed punitive methods to control prices and competition in the marketplace, to be used by persons so authorized to practice law as agents of a supreme court justice holding office in the New Mexico Legislature, and to punish private Citizens for breaching or attempting to breach those barriers. The digressive process authorizing the limited practice of law undermines the integrity of Defendant State Government of New Mexico by repudiating specific constitutional powers assigned

5

exclusively to the said state legislature. What is more, the litigations involving Citizens appearing in themselves has resulted in an very high rate of success for opponents represented by those unlawfully authorized to practice law based upon a preponderance of court records, both state and federal, both civil and criminal.

B. Finally, the collusion which formed the initial interstate antitrust exclusionary and tying agreements became a civil conspiracy as defined in *U.S. v. Murphy*, 937 F.2d 1032 (6th Cir. 1991) and modified for particularity purposes in *U.S. ex rel Capella v. Norden Systems, Inc.*, 2000 WL 1336487, at 11 and *Drake*, 2000 WL 1336497 at 12, undermining the integrity of Defendant State Government on New Mexico. The gravamen of the said civil conspiracy was based upon the said national antitrust agreements between the New Mexico Supreme Court's assigned public officers and individuals of the American Bar Association, ABA, when their combined efforts were given effect to achieve the intended purpose of excluding New Mexico private Citizens "learned in the law" from the lawful practice of law and to prevent competition from those Citizens for controlling prices for legal services in the marketplace.

C. The civil conspiracy became a seditious conspiracy when the state and federal antitrust agreements were implemented by New Mexico Bar Examiners in test to limit the bar exam only to those with law degrees from ABA approved educational institutions as per the antitrust agreements. The inherent deception involved in limiting the practice of law became a fraud put first upon the People of New Mexico who were tricked into thinking the bar exam was lawful and just, and put upon the United States next when those benefiting from the illicit antitrust agreements were the only ones considered for federal public officers positions in the

"learned in the law" private Citizens' own government.

D. The entire episode undermined the integrity of the Defendant State Government of New Mexico, said episode repudiated provisions of the State Constitution by exercising usurped powers of both State and Nation's Constitutions, and the gravamen of that episode permitted those practicing law unlawfully within the Defendant State Government of New Mexico under the antitrust process to defraud the United States upon their accepting appointments during times relevant to federal public judicial offices.

E. Other Citizens having become aware of the deceptive practices are now coming forward. **See** Annetta Bassett letter to NMAG Patricia Madrid, Certified Mail No. 0300 6000 0005 5643 1791 dated July 17, 2003.

## V.  CONCLUSION

The state judicial officers assigned duties within the State of New Mexico – including the New Mexico Attorney General and those of her office – defrauded the United States and the State of New Mexico as addressed by 18 U.S.C. § 371.

Respectfully submitted,

*Thomas Hyland*

Thomas Hyland, Citizen, Movant
HC 75 Box 322
Lamy, New Mexico 87540
Phone: 505 466-7525

**CERTIFICATE OF MAILING**

I certify that a true and correct copy of the foregoing Memorandum Brief IN Support of Motion to Intervene was sent first class by U.S. Mail, postage prepaid, pursuant to Fed. R.Civ. Proc. 5, this 10th day of August, 2003 to the following:

David Tourek
ANMAG
Post Office Drawer 1508
Santa Fe, New Mexico 87504

Antonio Gutierrez
P.O. Box 9048
Santa Fe, New Mexico 87504

*Thomas Hyland*
Thomas Hyland, Movant

8